**NOT FOR PUBLICATION**                                              **CASE CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|                                      |     |                                   |
|--------------------------------------|-----|-----------------------------------|
| MARK BONANNO,                        | :   |                                   |
|                                      | :   | Civil Action No. 07-cv-02744 (SDW) |
|                                      | :   |                                   |
|                      Plaintiff,      | :   |                                   |
|                                      | :   |                                   |
| v.                                   | :   |                                   |
|                                      | :   | **OPINION**                       |
| HON. MICHAEL J. ASTRUE,              | :   |                                   |
| COMMISSIONER OF SOCIAL               | :   |                                   |
| SECURITY                             | :   |                                   |
|                                      | :   |                                   |
|                                      | :   | January 15, 2008                  |
|                      Defendant.      | :   |                                   |
|                                      | :   |                                   |

---

**WIGENTON, District Judge**

Before the Court is an appeal pursuant to 42 U.S.C. § 405(g) from the final administrative decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), filed by plaintiff Mark Bonanno ("Plaintiff"), with respect to the Administrative Law Judge Richard DeSteno's ("ALJ") denial of Plaintiff's claim for Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(c). Plaintiff requests that the Court to reverse the decision, or in the alternative, remand this matter to the Commissioner for further proceedings. Plaintiff claims that the ALJ's decision was based on the ALJ's own medical judgment and without substantial evidence.  In opposition, Defendant argues that the ALJ's findings are supported by substantial evidence and should be upheld.

The Court decides this matter upon review of the record provided and the papers submitted

by the parties.  For the reasons discussed below, the Court finds that the record supports the findings of the ALJ, there is no basis to remand for further review, and the ALJ's decision will be affirmed.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g), as there has been a final decision by the Commissioner in which the Commissioner was a party and Plaintiff resides in the State of New Jersey.

**Background**

Plaintiff has Congestive Heart Failure ("CHF").  (Pl.'s Br. at 4.)  Treatment by a cardiologist revealed Plaintiff had cardiac enlargement and Plaintiff subsequently filed an application for SSI Disability Benefits on November 18, 2004 ("Application").[1]  (Pl.'s Br. at 4; Compl. ¶ 8.)  Plaintiff claims that his CHF condition leaves him tired all the time, weak, fatigued, short of breath and stressed, and that his heart beats fast, jumps and throbs, creating a pressure in his chest.  (Tr. 181.) Plaintiff's Application was denied initially and on reconsideration, to which Plaintiff timely filed an appeal to request a hearing. (Compl. ¶ 9.)   On July 18, 2006, a hearing was held before Administrative Law Judge Richard DeSteno ("ALJ").  (Compl. ¶ 10.)  The ALJ issued a decision denying Plaintiff's Application for SSI benefits dated August 31, 2006 ("ALJ's Decision").  The ALJ determined that from the date of Plaintiff's Application, November 18, 2004, to that date of the ALJ's Decision, August 31, 2006, "Plaintiff did not have any impairments that meet or medically

_____

[1] Specifically, Plaintiff asserts that "[a]n Echocardiogram showed decreased left ventricular systolic function ejection fraction at 20% with a small pericardial effusion and dilated left ventricle."  (Pl.'s Br. at 4.)

equal any of the listed impairments and that the Plaintiff was capable of performing the full range of sedentary work."  (Compl. ¶ 11.)

Plaintiff claims that the ALJ's Decision was not supported by substantial evidence for the following reasons: (1) the ALJ "failed to call a Medial [sic] Expert in determining equivalence;" (2) the ALJ "failed to properly consider the Claimant's symptoms pursuant to 20 C.F.R. Section 416.929 and SSR 96-7P;" and (3) the ALJ "failed to properly assess the Claimant's residual functional capacity and failed to call a Vocational Expert to determine the extent to which his limitations erode his occupational job base."  (Pl.'s Initial Statement under Local Rule 9-1(a)(2) at 4.)  Based on these assertions, Plaintiff asked the Appeals Council to review the ALJ's Decision. (Compl. ¶ 11.)  On April 20, 2007, the Appeals Council denied Plaintiff's request for review.  (Compl. ¶ 12.)  As the ALJ's Decision then became the final decision of the Commissioner of Social Security in this matter, Plaintiff asserts that he has exhausted his administrative remedies.  (Compl. ¶ 13.) As such, Plaintiff filed a brief pursuant to Local Rule 9-1(a)(2) ("Brief") asking this Court for the following: (1) to reverse this matter because "the ALJ's decision fails to comply with the requirements of the Administration's own Regulations and Rulings and does not satisfy the evidentiary basis for administrative findings established by the Third Circuit[;]" or in the alternative, (2) remand this matter to the Commissioner for further proceedings. (Pl.'s Br. at 17.)

**Legal Standard**

Standard of Review

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42

3

U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Serv.'s*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988) (citation omitted).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981)).  Furthermore, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In the determination of whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider the: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J. 1981) (citations omitted).  Where there is substantial evidence to support the Commissioner's decision, it is of no consequence that the record contains evidence which may also support a different conclusion. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Standard For Determining Eligibility of Disability Benefits

An individual may be entitled to Social Security benefits upon a finding of disability by demonstrating that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987).   A disabling impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).   An individual will be deemed to be disabled "only if the impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in *any other kind of substantial gainful work* which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) (emphasis added).

In determining whether an individual is disabled, the Social Security Administration has established a five-step evaluation process.   *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004); *see* 20 C.F.R. § 404.1520 (2007).   First, if the claimant is currently engaged in substantial gainful activity, he is not disabled.   20 C.F.R. § 404.1520(a)(4)(I).   Second, if the claimant does not suffer from a "severe" impairment, he is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii).   Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, he is automatically eligible for benefits.   20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d).   However, if the claimant does not suffer from a listed impairment or its medical equivalent, the Commissioner will proceed to the next step.   20 C.F.R. § 404.1520 (e).   In step four, if the Commissioner finds that claimant retains

the "residual functional capacity" to perform his past relevant work, he is not eligible for disability benefits. 20 C.F.R. § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant, given his medical impairments, age, education, past work experience, and residual functional capacity, can perform other work that exists in significant numbers in the national economy, he is not disabled and is not entitled to benefits. 20 C.F.R. § 404.1520(a)(4)(v). The burden is on the claimant to prove the first four factors, but once the claimant has demonstrated that he is unable to perform his former job, the burden shifts to the Commissioner "to prove that there is some other kind of substantial gainful employment he is able to perform . . . ." *Kangas*, 823 F.2d at 777 (citation omitted).

**Discussion**

With respect to the first two prongs, the ALJ found, and the parties do not dispute, that: (1) Plaintiff has not engaged in substantial gainful activity since May 6, 2004; and (2) Plaintiff "has had a severe impairment involving cardiomyopathy, congestive heart failure, obesity and hypertension." (ALJ's Decision at 3.) Therefore, the question before this Court is whether the ALJ properly determined, at steps three, four and five, that Plaintiff was not disabled, and though unable to return to his prior work, does have the residual functional capacity to perform other work. (Pl.'s Br. at 6-16.)

Substantial Evidence Supports The Commissioner's Decision That Plaintiff Was Not Disabled

Plaintiff alleges that the ALJ rejected his Application without substantial evidence to support the ALJ's Decision. (Pl.'s Reply Br. at 1.) Specifically, Plaintiff argues that, as to the third step in the Commissioner's analysis, "the ALJ mischaracterized the requisite criteria of the listing 4.02A

and ignored medical evidence of record, including that of [sic] treating cardiologist." (Pl.'s Br. at 6.) Plaintiff further asserts that the ALJ failed to fully develop the record before rendering a decision, which at times requires calling upon a medical expert. (Pl.'s Br. at 8.) As to the fourth step of the Commissioner's analysis, Plaintiff contends that the ALJ made selective use of the medical evidence to reach a determination that Plaintiff was able to perform sedentary work. (Pl.'s Reply Br. at 5.) Lastly, as to step five, Plaintiff argues that his impairment has resulted in "non-exertional" limitations,[2] in which exclusive reliance on the Medical-Vocational grids cannot be used and a Vocational Expert should have been called. (Pl.'s Reply Br. at 11.)

For the reasons discussed below, this Court finds that substantial evidence supports the ALJ's Decision on steps three, four and five, and that Plaintiff was not disabled.

A.      *ALJ Properly Found Plaintiff's Impairment Did Not Meet the Listings (Step Three)*

To automatically acquire SSI benefits, a claimant must suffer an impairment listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P, specifically the requirements of Listing 4.02. *See* 20 C.F.R. §§ 404.1520 (a)(4)(iii), 404.1520 (d).  Listing 4.02 has two parts, part A and part B, both of which must be met in order to adequately satisfy Listing 4.02.  20 C.F.R. pt. 404, subpt. P, app. 1, §4.02.  Listing 4.02A calls for medical documentation of either systolic or diastolic failure.[3]  20 C.F.R. Part 404, Subpart P, Appendix 1, §4.02A.  Listing 4.02B further requires that the medical

---

[2]  Non-exertional limitations are limitations that affect the ability to do things other than the strength demands of a job, such as limitations in concentrating, seeing, hearing, reaching, handling, stooping, climbing, crawling, crouching etc.  *See* 20 C.F.R. § 416.969a (c).

[3] Although the ALJ acknowledged Plaintiff's argument that he satisfied Listing 4.02A, the ALJ denies that Plaintiff has met Listing 4.02B.  (ALJ's Decision at 3.)

failure under 4.02A results in one of the following criteria: (1) persistent symptoms that "very seriously limit the ability to independently initiate, sustain, or complete activities of daily living;" or (2) three or more separate episodes of acute CHF within a consecutive 12-month period; or (3) the inability to perform on an exercise tolerance test "at a workload equivalent to 5 METs." *Id.* § 4.02B.

In the instant matter, the ALJ sufficiently determined that, based on the medical evidence and Plaintiff's testimony, Plaintiff did not meet the other requisite criteria pursuant to section 4.02B. *See id.* § 4.02B. The ALJ found that Plaintiff did not meet Listing 4.02B(1) because Plaintiff's impairment does not "seriously limit [Plaintiff's] ability to independently initiate, sustain or complete activities of daily living . . . ."  In fact, Plaintiff testified that he drives his car locally, grocery shops, cooks, uses a computer, visits his parents and takes care of his personal needs.  (Tr. 183-86.)  The ALJ also sufficiently found that Plaintiff failed to meet the remaining criteria of Section 4.00 (Listing 4.02B(2) and (3)).  (ALJ's Decision at 3.)  Neither the medical assessment of Dr. Domenic Mariano, Plaintiff's treating cardiologist, nor that of Dr. Michael Pollack, a State Health Examiner and Dr. Raymond Briski, a State agency physician, support a finding that Plaintiff suffered an episode of his CHF impairment on three or more consecutive times within a one year period, or that Plaintiff's impairment rendered him unable to perform on an exercise tolerance test. (Ex. 2F, 3F, 6F, 8-11F.)

Therefore, even if medical documentation showed Plaintiff's "ejection fraction" to have met the requisite 30% or less level to satisfy Listing 4.02A, as Plaintiff argues (Pl.'s Reply Br. at 3), Plaintiff has failed to satisfy the criteria of Listing 4.02B, and does not qualify for automatic SSI

benefits.[4]  Further, as noted by Defendant, "the ALJ's finding that plaintiff did not meet a listing is supported by the opinion of Dr. Raymond Briski, a State agency physician, who reviewed the medical evidence of record and concluded that plaintiff did not meet any Listing, but rather, could do light work." (Def. Br. at 7.)

Additionally, contrary to Plaintiff's assertions, an ALJ is permitted, but not required by the Social Security regulations, to consult "medical experts on the nature and severity of [a claimant's] impairment(s)." *Hardee v. Comm'r of Soc. Sec.*, 188 Fed. Appx. 127, 129 (3d Cir. 2006); *see also Jones v. Barnhart*, 364 F.3d at 503-6; 20 C.F.R. § 404.1527(f)(2)(iii).  The ALJ is permitted broad discretion in determining whether to consult a medical expert.  *Hardee*, 188 Fed. Appx. at129.  The Court finds that the ALJ based his findings on a thorough analysis of the medical evidence, including reports from three medical professionals.  (ALJ's Decision at 4-6); *See also id.*  As such, the evidence was adequate and supported the ALJ's Decision.


B.      *ALJ Properly Evaluated Plaintiff's Residual Functional Capacity (Step Four)*

The Commissioner must determine a claimant's residual functional capacity before deciding whether the claimant has the residual functional capacity to perform the requirements of his past relevant work.  (ALJ's Decision at 2); *see also* 20 C.F.R. §§ 416.920 (e),(f).  Residual functional capacity is an individual's ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.  (ALJ's Decision at 2.)  Residual functional capacity must be determined upon consideration of all of a claimant's impairments, including those that are non-

---

[4] The ALJ determined that, based on test results, Dr. Mariano's assessment and the record, Plaintiff is unable to meet "the other requisite criteria of that listing[,]" which would be the criteria set forth in 4.02B, to satisfy this step and obtain automatic SSI benefits.  (ALJ's Decision at 3.)

severe.  (ALJ's Decision at 2) (citations omitted).  An ALJ should reach its conclusion "based on all the relevant medical and other evidence in [the] case record . . . ." 20 C.F.R. §§ 416.920 (e), 416.945 (a).

Once an administrative law judge concludes that a claimant's medical impairment could reasonably limit the claimant's ability by causing the alleged symptoms, he must also "evaluate the intensity and persistence of the pain or symptom to determine the extent to which it affects the individual's ability to work." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir.1999).  This "requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he is disabled by it." *Hartranft*, 181 F.3d at 362 (citing 20 C.F.R. § 404.1529(c)).  A claimant's allegations of pain and other subjective symptoms must be supported by objective medical evidence; any testimony of subjective complaints found inconsistent with medical evidence may be rejected by an ALJ.  *See* 20 C.F.R. § 404.1529; *Burns v. Barnhart*, 312 F.3d 113, 130-31 (3d Cir.2002).  When conflicting evidence is presented, an ALJ should weigh the evidence and explain his rejection of plaintiff's subjective allegations with reference to medical reports by multiple doctors.  *Giese v. Comm'r of Soc. Sec.*, 2007 WL 3133102, *4 (Oct. 29, 2007) (citing *Sykes v. Apfel*, 228 F.3d 259, 266 n. 9 (3d Cir.2000)).  This Court is to not to determine whether we would have arrived at the same decision; but rather, whether there is substantial evidence supporting the Commissioner's decision.  *Hartranft*, 181 F.3d at 360.

In the instant matter, the ALJ determined that Plaintiff had the residual functional capacity to perform work involving lifting and carrying objects weighing up to 10 pounds, sitting up to six hours, standing and walking up to two hours in an eight-hour day and the full range of sedentary work.  (ALJ's Decision at 4.)  The ALJ reached this decision after considering the evidence of

record, including medical and opinion evidence.  (ALJ's Decision at 4.)  Specifically, the ALJ made reference to medical reports submitted by Dr. Mariano[5] and Dr. Pollack which indicate that Plaintiff showed no signs of gallup, rubs, murmurs, edema, clubbing or cyanosis that would serve as symptoms of limitation.  (ALJ's Decision at 5-6.)  In fact, the record reflects that although Plaintiff was diagnosed with CHF in 2004, "he experienced improvement with treatment within four months and that he is [sic] remains able to complete all activities of daily living without assistance."  (ALJ's Decision at 6.)

Plaintiff contends that despite Dr. Mariano's earlier medical reports of 2004, the ALJ erred in not considering Dr. Mariano's more restrictive residual functional capacity assessment of 2006, which stated that even though Plaintiff showed signs of ejection fraction improvement, "he was severely debilitated and that he [(Dr. Mariano)] supported his application for disability."  (ALJ's Decision at 5; Pl.'s Reply Br. at 5-6.)  The ALJ adequately addresses Dr. Mariano's inconsistent medical reports by explaining that,

> "[n]o significant weight is accorded to the extremely restrictive residual functional capacity assessment of Dr. Marian [sic], as it is not supported by the evidence indicating improvement in the claimant's condition after a short period of treatment with medication.  It is also inconsistent with the claimant's testimony that he is able to perform activities on a daily basis which are at least equal to a sedentary level of work activity."

---

[5]  The ALJ discussed apparent inconsistencies in Dr. Marino's December 2004 report and the physician's August 2006 assessment in the ALJ's Decision.  The ALJ noted, "[o]n December 13, 2004, Dr. Marino submitted a report indicating that the claimant had fatigue and severe dyspnea on exertion.  He [Dr. Marino] felt that the claimant was limited in standing, walking and sitting . . . On August 3, 2006 [Dr. Marino] stated that the claimant suffered from severe cardiomyopathy and congestive heart failure . . . that the claimant's ejection fraction had improved from 10% to 30%, but he was severely debilitated and that he supported his application for disability."  (ALJ's Decision at 5.)

(ALJ's Decision at 6.)[6]

Further, the ALJ concluded that although Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms . . . [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (ALJ's Decision at 6.)  This finding was based on Plaintiff's testimony and the various medical reports.  As stated above, the ALJ referred to medical reports by both Plaintiff's treating physician and the State's Health Examiner showed Plaintiff's impairment improved after four months of treatment.  Plaintiff "remains able to take care of all personal needs and to perform activities of daily living . . . ."  (ALJ's Decision at 6.)  Therefore, the record contains adequate support for the ALJ's conclusion.

For the reasons discussed above, this Court is satisfied that the ALJ's determination as to Plaintiff's residual functional capacity and credibility is supported by substantial evidence.

C.     *ALJ Properly Found Plaintiff Could Do Other Work (Step Five)*

The ALJ determined that based on Plaintiff's residual functional capacity, Plaintiff is unable to perform his past relevant work as a taxi driver because Plaintiff is "capable of no greater than sedentary work . . . ."  (ALJ's Decision at 6); 20 C.F.R. § 416.965.  Failure to do past relevant work does not automatically render a claimant disabled.  Rather, the Commissioner uses the residual functional capacity assessment along with the claimant's age, education, and work experience to

---

[6]  Thus, issues with Dr. Marino's more recent 2006 assessment include the following: 1) Dr. Marino's 2006 assessment was not consistent with his earlier opinion in December 2004, which indicates that Plaintiff could do sedentary work; and 2) Dr. Marino's 2006 assessment was not consistent with Plaintiff's own statements. (*See* ALJ's Decision at 5; see also Tr. at 16; 106-09; 155-157.)

decide if claimant can adjust to any other work which exists in the national economy. *See* 20 C.F.R. § 416.969a (a). Plaintiff's subjective complaints are not sufficient for this determination. To make this determination, the Commissioner examines the claimant's factors in conjunction with the Medical-Vocational Guidelines (the "Guidelines"). 20 C.F.R. pt. 404, subpt. P, app. 2. The Guidelines direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's vocational profile and whether a claimant has exertional and/or non-exertional limitations. Exertional limitations are those limitations that affect the ability to meet the strength demands of a job, such as sitting, standing, walking, lifting, carrying, pushing, and pulling. *See* 20 C.F.R. § 416.969a (a),(b). However, non-exertional limitations are limitations that affect the ability to do things other than the strength demands of a job, such as limitations in concentrating, seeing, hearing, reaching, handling, stooping, etc. *See* 20 C.F.R. § 416.969a (c).

In this case, the ALJ determined that Plaintiff possessed only exertional limitations. *See* 20 C.F.R. § 416.969a (a),(b). The ALJ made this conclusion based on the residual functional capacity assessment examined above. The ALJ also determined that: (1) Plaintiff was forty-four at the time he filed his Application, which marks him a "younger individual ages 18-44" until July 28, 2005, after which he falls within the "younger individual ages 45-49" for purposes of the Guideline Grids; (2) Plaintiff has at least a high school education and is able to communicate in English; and (3) the transferability of job skills is not an issue because Plaintiff's driving semi-skills are not compatible with sedentary work. (ALJ's Decision at 6.) As such, Plaintiff is not disabled under Medical-Vocational Rule 201.28 and Rule 201.21. (ALJ's Decision at 6.)

Despite Plaintiff's claim that the ALJ erred in not considering the non-exertional limitations listed in Dr. Mariano's 2006 assessment (Pl.'s Reply Br. at 11), as discussed, this Court

has determined that the ALJ adequately addressed the 2006 assessment and its inconsistency with other medical evidence and testimony. (*See* ALJ's Decision at 5-6.) Plaintiff's exertional limitations were consistent with medical evidence and testimony of the record, and thus were the limitations considered in this factor.  The ALJ properly applied the Guidelines to find Plaintiff is not disabled and the ALJ's Decision is therefore adequately supported by substantial evidence.

**Conclusion**

As there is substantial evidence in the record to support the ALJ's findings and the Commissioner's determinations, they are conclusive.  For the foregoing reasons, the ALJ's Decision is **AFFIRMED**.

s/Susan D. Wigenton, U.S.D.J.